Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9244 | **DATE** | 5/28/2003 |
| **CASE TITLE** | Zurich American Insurance Co. vs. The Pillsbury Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendants' motion to transfer and denying their motion to dismiss. Accordingly, this action is transferred to the United States District Court for the District of Minnesota. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | MAY 2003 date docketed | |
| | Notified counsel by telephone. | | | 21 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR | 5/28/03 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE CO., | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) No. 02 C 9244 |
| THE PILLSBURY CO., et al. | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Pillsbury Company ("Pillsbury"), a Delaware corporation with its principal place of business in Minnesota, was insured by Zurich American Insurance Company ("Zurich"), a New York corporation with its principal place of business in Illinois, under a policy that provided coverage for physical loss or damage to Pillsbury property. During the insured period, on March 27, 1999, an explosion and fire occurred at an Iowa plant that was producing Haagen-Dasz ice cream for Pillsbury. Pillsbury alleges that it incurred two types of losses following the fire. First, it claims that it lost revenue during the time production was interrupted (the "recovery period"). Second, it claims that the business interruption resulted in a loss of market share, which necessitated additional expenditures in order to return Haagen-Dasz to its original place in the market in the twelve months following the resumption of production (the "extended period").

Pillsbury requested, and Zurich paid, approximately $19 million for losses incurred during the recovery period. However, Zurich denied Pillsbury's claim for approximately $21 million in losses incurred during the extended period. The insurance contract contained an appraisal clause holding that in the event that the two parties could not agree on the amount of loss, either party could demand an independent appraisal of the question. On April 21, 2001, Pillsbury made such a demand, but Zurich claims that it failed to do so within the 60-day time frame mandated by the appraisal clause.

On August 19, 2002, Zurich filed a complaint in the Circuit Court of Cook County seeking a declaratory judgment that Pillsbury's extended period loss is not covered. However, Pillsbury was not served with that suit until November 19, and on November 8, prior to service, it filed its own suit against Zurich in the United States District Court in Minnesota, seeking resolution of the same issues. In December, Pillsbury removed the Illinois case to this court. The Minnesota action was served on Zurich on January 24, 2003.

Pillsbury has now filed a motion to dismiss the case on the grounds that it duplicates the issues at stake in the Minnesota litigation, or in the alternative, for transfer to the District of Minnesota for consolidation. I deny the motion to dismiss and grant the motion to transfer.

Pillsbury bases its argument for dismissal entirely on an Illinois procedural statute, 735 ILCS 5/2-619(a)(3), which provides for the dismissal of suits that duplicate already pending litigation between the parties. As its lawyers must surely have been taught in Civil Procedure, a federal court sitting in diversity applies state substantive law, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), but federal procedural law. *See* FED. R. CIV. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature.") There is no such thing as a motion to dismiss under 735 ILCS 5/2-619(a)(3) in this court; there are only motions to dismiss under Federal Rule 12(b). As Pillsbury has failed to support its motion with any argument that is cognizable in this court, the motion is DENIED.

Pillsbury does, however, make a proper motion to transfer pursuant to 28 U.S.C. § 1404(a), which states that a case may be transferred to another federal court in which it may have been brought in order to better serve the convenience of parties and witnesses and in the interest of justice. The question of convenience is a close one in this case, but I need not analyze it, as it cannot be in the interests of justice to allow two nearly-identical lawsuits between the same parties to proceed in two different courts at the same time. If I did reach the question of convenience and concluded that Illinois is the proper forum for the suit, my counterpart in Minnesota might make the opposite decision,

3

resulting in the untenable outcome of redundant and possibly conflicting decisions. The motion for transfer is GRANTED.

ENTER ORDER:

*Elaine E. Bucklo*

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 28, 2003